UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X
LENEE LEE, SANTIAGO GARCIA,
SAMANTHA GARDEN, and YASMILKI
ROSARIO, on behalf of all others similarly
situated,

                     Plaintiffs,         12 Civ. 463 (GBD)

                                                       **CLASS ACTION COMPLAINT**
                                                       **AND DEMAND**
                                                       **FOR JURY TRIAL**

      -against-

HUDSON RIVER CAFÉ, CORP.,
12th AVENUE RESTAURANT GROUP, INC.
and HAMLET PERALTA,
                     Defendants.
-------------------------------------------------------X

      Plaintiffs Lenee Lee, Santiago Garcia, Samantha Gordon and Yasmilki Rosario, on behalf of themselves and other similarly situated current and former restaurant service employees employed by defendants, allege as follows:

## NATURE OF THE ACTION

      1. Plaintiffs allege on behalf of themselves, and other similarly situated current and former restaurant service employees who worked for the defendants and who elect to opt into this action pursuant to the Fair Labor Standards Act (FLSA), 29 U.S.C. Sec. 216 (b), that they are: (i) entitled to unpaid minimum wages from defendants for their work, and (ii) liquidated damages pursuant to the FLSA Sec. 29 U.S.C. Sec. 201 et seq.

      2. Plaintiffs further complain on behalf of themselves, and a class of other similarly situated current and former restaurant service employees who worked for defendants, pursuant to

Fed. R.Civ.P. 23, that: (i) they are entitled to unpaid minimum wages from defendants for their work under the New York Minimum Wage Law; (ii) entitled to unpaid back "spread of hour" wages from defendants for those days in which they worked in excess of 10 hours; and (ii) liquidated damages pursuant to the New York Labor Law, as amended by the New York Wage Theft Prevention Act.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction pursuant to 28 U.S.C. Sec. 1331 and 1337 and supplemental jurisdiction over plaintiffs' state law claims pursuant to 28 U.S.C. Sec. 1367. In addition, the Court has jurisdiction over plaintiffs' claims under the FLSA pursuant to 29 U.S.C. Sec. 216 (b).

4. Venue is proper in the Southern District of New York pursuant to 28 U.S.C. Sec. 1391 (a).

5. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. Sec. 2201 and 2202.

## CLASS ALLEGATIONS

6. Plaintiffs sue on their own behalf and on behalf of a class of persons under Rule 23 (a), (b)(2) and (b)(3) of the Federal Rules of Civil Procedure.

7. Plaintiffs bring their New York Minimum Wage Act claim on behalf of all persons who worked or continue to work for defendants as restaurant service employees at the restaurant known as Hudson River Cafe at any time after December 14, 2005, to entry of judgment in this case (the "class" and "class period," respectively) (hereinafter "plaintiffs" refer to both named plaintiffs and the class).

8. The persons in the Class identified above are so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, and facts on which the calculation of that number are presently within the sole control of defendants, upon information and belief, there are approximately 25-50 members of the Class during the class period. There are questions of law and fact common to the Class which predominate over any questions affecting only individual members. The claims of the representative parties are typical of the claims of the class. The representative parties will fairly and adequately protect the interests of the Class. A class action is superior to other available methods for the fair and efficient adjudication of the controversy - particularly in the context of wage and hour litigation where individual plaintiffs lack the financial resources to vigorously prosecute a lawsuit in federal court against corporate defendants. Defendants have acted on grounds generally applicable to the class thereby making declaratory relief appropriate for the class.

9. There are questions of law and fact common to the class which predominate over any questions solely affecting individual members of the class, including:

(a) whether the defendants employed and/or jointly employed the plaintiffs within the meaning of the New York Minimum Wage Act and the New York Law;

(b) what proof of hours worked is sufficient where employers fail in their duty to maintain adequate time and pay records;

(c) whether defendants failed to pay plaintiffs minimum wages for hours worked within the meaning of the New York Minimum Wage Act;

(d) what is the proper method for calculating minimum wages paid to employees when tips are paid but there are no employer records of the amounts of such tips and no employer

3

disclosures concerning the tip credit were made to the plaintiffs; and,

(e) whether defendants failed to pay plaintiffs premium pay for hours worked in excess of ten hours a day within the meaning of the New York Minimum Wage Act.

## PARTIES

10. Plaintiffs Santiago Garcia and Yasmilki Rosario are adult individuals residing in the City of New York. Plaintiffs Lenee Lee and Samantha Garden are adult individuals residing in Bergen County, New Jersey.

11. Defendants Hudson River Café, Corp. and 12th Avenue Restaurant Group, Inc.(collectively, "defendants") are, upon information and belief, New York domestic corporations doing business within the City and State of New York.

12. Defendant Hamlet Peralta ("Peralta"), upon information and belief, is the president, co-principal and majority shareholder, if not the sole shareholder, of the above two defendant corporate entities; Hudson River Café, Corp. and 12th Avenue Restaurant Group, Inc. Peralta is substantially involved in setting the operational policies, practices and procedures of the defendants, including but not limited to the wage payment practices, and thus is an employer as that term is defined by the FLSA in 29 U.S.C. Section 203(d).

## FACTS

13. Defendants own and operate an upscale restaurant located in northern Manhattan known as Hudson River Cafe. It is highly regarded and heavily patronized and regularly open until the early hours of the morning.

14. Defendants employ a restaurant service staff comprised of bartenders, bar backs, waiters, bus people, cocktail waitresses and food runners.

15. Defendants controlled and supervised the manner and method in which plaintiffs worked.

16. Defendants, by policy, practice or procedure, willfully failed to pay plaintiffs the applicable minimum wage for their services and labor in violation of the FLSA, 29 U.S.C. Sec. 206 and 207, and the New York Minimum Wage Act, N.Y. Labor Law Sec. 650 et. seq. Instead, plaintiffs received certain amounts of money as tips from defendants' patrons.

17. At no time did any of the defendants inform the plaintiffs that these tips were to be credited towards the payment of the minimum wage. On information and belief, defendants have not kept records of any tips received by plaintiffs.

18. Plaintiffs often worked more than 10 hours in a day and defendants, by policy, practice or procedure, willfully failed to pay them an extra hour's pay for every day worked in excess of 10 hours in violation of the New York Minimum Wage Act and New York State Department of Labor regulations.

19. Plaintiff Lenee Lee was employed by defendants from November 2010 to September 2011. She worked as a cocktail waitress and regularly received tips from defendants' patrons. Defendants failed to pay her minimum wages for all of the hours that she worked in violation of federal and state law. At times, plaintiff Lee worked more than 10 hours in a day and defendants failed to pay her an extra hour's pay for every day worked in excess of 10 hours in violation of state law.

20. Plaintiff Santiago Garcia was employed by defendants from July 2009 to October 2011. He worked as a waiter and bartender and regularly received tips from defendants' patrons. Defendants failed to pay him minimum wages for all of the hours that he worked in violation of

5

federal and state law. At times, plaintiff Garcia worked more than 10 hours in a day and defendants failed to pay him an extra hour's pay for every day worked in excess of 10 hours in violation of state law.

21. Plaintiff Yasmilki Rosario was employed by defendants from November 2010 to June 2011. She worked as a cocktail waitress and regularly received tips from defendants' patrons. Defendants failed to pay her minimum wages for all of the hours that she worked in violation of federal and state law. At times, plaintiff Rosario worked more than 10 hours in a day and defendants failed to pay her an extra hour's pay for every day worked in excess of 10 hours in violation of state law.

22. Plaintiff Samantha Garden was employed by defendants from February 2011 to September 2011. She worked as a cocktail waitress and bartender and regularly received tips from defendants' patrons. Defendants failed to pay her minimum wages for all of the hours that she worked in violation of federal and state law. At times, plaintiff Garden worked more than 10 hours in a day and defendants failed to pay her an extra hour's pay for every day worked in excess of 10 hours in violation of state law.

**FIRST CAUSE OF ACTION**
**(FAIR LABOR STANDARDS ACT)**

23. For paragraphs 23 through 29, "plaintiffs" refers to named plaintiffs and any class members who file individual consents to sue in this action. Plaintiffs allege and incorporate by reference the allegations contained in paragraphs 1 through 22 above.

24. Plaintiffs consent in writing to be a party to this action, pursuant to 29 U.S.C. Sec. 216(b). Plaintiffs' written consents are attached hereto and incorporated by reference.

25. At all times relevant to this action, plaintiffs were employed by defendants within the meaning of the FLSA.

26. At all times relevant to this action, plaintiffs were engaged in commerce and/or the production of goods for commerce and/or defendants were enterprises engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. Sec. 206(a) and 207(a).

27. Defendants willfully failed to pay plaintiffs the applicable minimum wage in violation of 29 U.S.C. Sec. 206(a).

28. Defendants failed to keep appropriate payroll and time records as required by federal law.

29. Due to defendants' FLSA violations, plaintiffs are entitled to recover from defendants, jointly and severally, their unpaid minimum wages, liquidated damages, attorneys' fees and costs of this action pursuant to 29 U.S.C. Sec. 216(b).

## SECOND CAUSE OF ACTION
## (NEW YORK LABOR LAW)

30. Plaintiffs allege and incorporate by reference the allegations contained in paragraphs 1 through 29 above.

31. At all times relevant to this action, plaintiffs were employed by defendants within the meaning of New York Labor Law Sec. 2, 190 and Sec. 651.

32. Defendants willfully violated plaintiffs' rights by failing to pay plaintiffs the applicable minimum hourly wage in violation of the New York Minimum Wage Act.

33. Defendants willfully violated plaintiffs' rights by failing to pay them an additional

hour of pay for each hour worked in excess of ten in one day, in violation of the New York Minimum Wage Act and its regulations.

34. Due to defendants' New York Labor Law violations, plaintiffs are entitled to recover from defendants, jointly and severally, their unpaid minimum wages, their unpaid "spread of hours" wages, attorneys' fees and costs pursuant to New York Labor Law Sec. 663(1) and the New York State Department of Labor regulations.

## PRAYER FOR RELIEF

WHEREFORE, plaintiffs respectfully request that this Court grant the following relief:

a. Certify this case as a class action pursuant to FRCP 23(b)(2) and (3);

b. Declare defendants' conduct complained of herein to be in violation of the plaintiffs' rights under the FLSA, New York State Labor Law and the New York Minimum Wage Act;

c. Award plaintiffs unpaid minimum wages and their spread of hours wages due under the FLSA and the New York Minimum Wage Act;

d. Award plaintiffs liquidated damages due to defendants' willful failure to pay minimum wages pursuant to 29 U.S.C. Sec. 216;

e. Award plaintiffs prejudgment interest; and,

f. Award plaintiffs attorneys' fees and the costs of this action.

## DEMAND FOR TRIAL BY JURY

Pursuant to FRCP 38(b), plaintiffs demand a trial by jury on all questions of fact raised by the complaint.

Dated: New York, New York
      January 17, 2012

Respectfully submitted,

By: _____
Bruce E. Menken (BEM 1140)
BERANBAUM MENKEN LLP
80 Pine Street, 33rd Floor
New York, New York 10005
212-509-1616

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
LENEE LEE, SANTIAGO GARCIA,
SAMANTHA GARDEN, and YASMILKI
ROSARIO, on behalf of all others similarly
situated,

                       Plaintiffs,                  11 Civ.

                                                 **CONSENT TO SUE**

   -against-

HUDSON RIVER CAFÉ, CORP.,
12th AVENUE RESTAURANT GROUP, INC.
and HAMLET PERALTA,
                       Defendants.
-----------------------------------------------------------X

<u>CONSENT TO SUE</u>

1. I wish to become a plaintiff in this action under the Fair Labor Standards Act.

2. Pursuant to 29 U.S.C. Sec. 216(b), I hereby consent to the filing of this action.

Dated: 2/14/12

Signature: _____

Printed Name: Yasmilki Rosario

Address: 2436 Webb Ave Apt 2
Bronx NY 10468

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X
LENEE LEE, SANTIAGO GARCIA,
SAMANTHA GARDEN, and YASMILKI
ROSARIO, on behalf of all others similarly
situated,

                              Plaintiffs,                11 Civ.

                                                            **CONSENT TO SUE**

      -against-


HUDSON RIVER CAFÉ ,CORP.,
12th AVENUE RESTAURANT GROUP, INC.
and HAMLET PERALTA,
                              Defendants.
------------------------------------------------------X

<u>CONSENT TO SUE</u>

1. I wish to become a plaintiff in this action under the Fair Labor Standards Act.

2. Pursuant to 29 U.S.C. Sec. 216(b), I hereby consent to the filing of this action.

Dated: 12/15/11

Signature: _[signed]_

Printed Name: Santiago

Address: 215 2nd Ave
Apt. 26 NY NY 10029.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X
LENEE LEE, SANTIAGO GARCIA,
SAMANTHA GARDEN, and YASMILKI
ROSARIO, on behalf of all others similarly
situated,

                          Plaintiffs,                11 Civ.

                                                    **CONSENT TO SUE**

       -against-

HUDSON RIVER CAFÉ ,CORP.,
12th AVENUE RESTAURANT GROUP, INC.
and HAMLET PERALTA,
                          Defendants.
------------------------------------------------------X

<u>CONSENT TO SUE</u>

1. I wish to become a plaintiff in this action under the Fair Labor Standards Act.

2. Pursuant to 29 U.S.C. Sec. 216(b), I hereby consent to the filing of this action.


Dated: 12/22/17

Signature: _Samantha [signature]_

Printed Name: Samantha Barker

Address: 336 Parkside [illegible]
                [illegible] NS [illegible]

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X
LENEE LEE, SANTIAGO GARCIA,
SAMANTHA GARDEN, and YASMILKI
ROSARIO, on behalf of all others similarly
situated,

        Plaintiffs,    11 Civ.

              **CONSENT TO SUE**

  -against-

HUDSON RIVER CAFÉ ,CORP.,
12th AVENUE RESTAURANT GROUP, INC.
and HAMLET PERALTA,
        Defendants.
-------------------------------------------------------X

### CONSENT TO SUE

1. I wish to become a plaintiff in this action under the Fair Labor Standards Act.

2. Pursuant to 29 U.S.C. Sec. 216(b), I hereby consent to the filing of this action.

Dated: Dec. 19, 2011

Signature: _[signature]_
Printed Name: Lenee Lee
Address: 336 portside dr.
edgewater, nj
07020