UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------X
LENNEE LEE, SANTIAGO GARCIA,
SAMANTHA GARDEN, and YASMILIKI
ROSARIO, *on behalf of themselves and
all others similarly situated*,

                  Plaintiffs,

     -against-

HUDSON RIVER CAFÉ CORP.,
12TH AVENUE RESTAURANT GROUP, INC.,
and HAMLET PERALTA,

                  Defendants.
----------------------------------------------------------X

No. 12 Civ. 463 (GBD)(FM)

PLAINTIFFS' PROPOSED
FINDINGS OF FACT AND
CONCLUSIONS OF LAW

Plaintiffs Lenee Lee, Yasmilki Rosario, and Santiago Garcia ("Plaintiffs"),[1] by and through their attorneys, Beranbaum Menken LLP and pursuant to Magistrate Judge Frank Maas's Scheduling Order of December 11, 2014, hereby submit their proposed Findings of Fact and Conclusions of Law as to all damages and monetary relief permitted under Judge George B. Daniels' entry of default judgment. In support of this submission, Plaintiffs further submit an Inquest Memorandum, the Declaration of Plaintiffs' counsel, their own Declarations, and Exhibits attached thereto.

**GENERAL FINDINGS OF FACT**

1.      On January 19, 2012, Plaintiffs filed a Complaint charging Defendants with serious violations of the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL"). The Complaint charges that Defendants are liable to Plaintiffs for unpaid minimum

---

[1] The firm reached out on numerous occasions to Plaintiff Samantha Garden prior to moving for default judgment to obtain her assistance in calculating her damages and her authorization to make the motion on her behalf, but Ms. Garden failed to respond. In a last-ditch effort, on October 3, 2014, a letter was sent to Ms. Garden advising her that if she did not contact the firm, she would be left out of the motion and the firm's representation of her would end. The firm has received no communication from her since that time.

wage and overtime compensation, spread of hours pay, liquidated damages, and prejudgment interest. Declaration of Grace Cretcher, Esq. ("Cretcher Decl.") at Ex. A (Complaint).

2. Defendants were properly served with Plaintiffs' Complaint. The service of the Summons and Complaint was effectuated by personal service on Defendants' general agent, Mario Torres, at Defendants' place of business on January 24, 2012. *Id.* at Ex. B (Affidavits of Service).

3. Defendants retained counsel and filed an Answer on April 4, 2012. *Id.* at ¶ 8.

4. Defendants have failed to defend this action in any way since September 17, 2012. *Id.* at ¶ 9.

5. Default judgment was entered against Defendants and in favor of Plaintiffs on October 21, 2014. *Id.* at Ex. D (Order of Judge Daniels granting default judgment to Plaintiffs).

6. Defendants did not maintain payroll records. *See id.* at Exs. F-H (Plaintiffs' Declarations).

7. Defendants failed to inform Plaintiffs of the tip credit provision of the FLSA. *See id.*

8. Plaintiffs were required to share their tips with other employees. *See id.*

9. Defendants did not furnish to Plaintiffs statements with every payment of wages listing allowances claimed as part of the minimum wage. *See id.*

10. Defendants did not furnish to Plaintiffs statements identifying the payment of wages and tip credits. *See id.*

### GENERAL CONCLUSIONS OF LAW

11. Defendants' failure to pay Plaintiffs appropriate minimum wages and overtime compensation was willful.

12. Because Defendants have defaulted, Plaintiffs' "recollection and estimates of hours worked are presumed to be correct." *Pavia v Around The Clock Grocery, Inc.*, No. 03 CV 6465 ERK, 2005 WL 4655383, at *5 (E.D.N.Y. Nov. 15, 2005) (*quoting Zeng Liu v. Jen Chu Fashion Corp.*, No. 00 CV 4221, 2004 WL 33412, at *8 (S.D.N.Y. Jan 7, 2004).[2]

13. Because Defendants failed to inform Plaintiffs of the tip credit provision of the FLSA and because Plaintiffs were required to share their tips with other employees, they cannot offset any recovery by claiming that Plaintiffs' tips satisfied, in part or wholly, the minimum wage requirements under federal law. *Chung v. The New Silver Palace Restaurant, Inc.*, 246 F. Supp. 2d 220, 228 (S.D.N.Y. 2002) (internal quotations omitted) (*citing* 29 U.S.C. § 203(m), providing in relevant part that a tip credit "shall not apply with respect to any tipped employee unless such employee has been informed by the employer of the provisions of this subsection").

14. Because Defendants neither produced payroll records indicating allowances as part of the minimum wage nor furnished to each Plaintiff statements identifying the payment of wages and tip credits, they cannot offset any recovery by claiming claiming that Plaintiffs' tips satisfied, in part or wholly, the minimum wage requirements under New York law. *Padilla v. Manlapaz*, 643 F. Supp. 2d 302, 309-10 (E.D.N.Y. 2009) (internal punctuation and quotations omitted).

---

[2] *See also Genarie v. PRD Mgmt., Inc.*, No. 04 Civ. 2082, 2006 WL 436733, at *15 (D. N.J. Feb 17, 2006) ("an employer's failure to produce evidence of the hours an employee worked and wages paid may result in the court having to approximate damages"); *Tran v. Alphonse Hotel Corp.*, 281 F.3d 23, 31 (2d Cir. 2002) ("employee has carried out his burden if he proves that he has in fact performed work for which he was improperly compensated and if he produces sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference") (*quoting Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 687 (1940)); *Zeng Liu*, 2004 WL 33412 at *8; *Cao v. Chandara Corp.*, No. 00 Civ. 8057, 2001 WL 34366628, at *5 (S.D.N.Y. July 25, 2001) (holding that a plaintiff's recollection and estimate of hours worked is presumed to be correct where defendant employer has defaulted).

## FINDINGS OF FACT AS TO PLAINTIFF LENEE LEE

15. Plaintiff Lee worked for Defendants from approximately October 2010 through November 2011. Declaration of Grace Cretcher ("Cretcher Decl.") at Ex. F (Declaration of Lenee Lee).

16. Plaintiff Lee worked approximately 49 hours every two weeks, total. *Id.*

17. During her entire employment, Plaintiff Lee was paid a total of $134.30 in wages, and otherwise received only cash tips. *Id.*

## CONCLUSIONS OF LAW AS TO PLAINTIFF LENEE LEE

18. Plaintiff Lee is entitled to $10,523.18 in unpaid minimum wages under federal and state law, $10,523.18 in liquidated damages under federal law, and $10,523.18 in liquidated damages under state law, for a total of $31,569.54. *Id.*

## FINDINGS OF FACT AS TO PLAINTIFF YASMILKI ROSARIO

19. Plaintiff Rosario worked for Defendants from approximately November 2010 through June 2011. Cretcher Decl. at Ex. G (Declaration of Yasmilki Rosario).

20. Plaintiff Rosario worked approximately 52 hours every two weeks, total. *Id.*

21. During her entire employment, Plaintiff Rosario was paid a total of $1,099.40 in wages, and otherwise received only cash tips. *Id.*

## CONCLUSIONS OF LAW AS TO PLAINTIFF YASMILKI ROSARIO

22. Plaintiff Rosario is entitled to $3,612.96 in unpaid minimum wages under federal and state law, $3,612.96 in liquidated damages under federal law, and $3,612.96 in liquidated damages under state law, for a total of $10,838.88. *Id.*

# FINDINGS OF FACT AS TO PLAINTIFF SANTIAGO GARCIA

23. Plaintiff Garcia worked for Defendants from approximately July 2009 through October 2011. Cretcher Decl. at Ex. H (Declaration of Santiago Garcia).

24. Plaintiff Garcia worked approximately 128 hours every two weeks, total. *Id.*

25. During his entire employment, Plaintiff Garcia was paid a total of $6,049.00 in wages, and otherwise received only cash tips. *Id.*

# CONCLUSIONS OF LAW AS TO PLAINTIFF SANTIAGO GARCIA

26. Plaintiff Garcia is entitled to $31,581.20 in unpaid minimum wages under federal and state law, $29,486.72 in unpaid overtime compensation under federal and state law, $3,536.40 in unpaid spread of hours pay under state law, $61,067.92 in liquidated damages under federal law, and $64,604.32 in liquidated damages under state law. *Id.*

27. Plaintiff Garcia is also entitled to prejudgment interest calculated based only on the compensatory damages he is owed for his unpaid spread of hours pay. *See McLean v. Garage Mgmt. Corp.*, Nos. 10 Civ. 3950(DLC), 09 Civ. 9325(DLC), 2012 WL 1358739, at *11 (S.D.N.Y. Apr. 19, 2012); *Chan v. Sung Yue Tung Corp.*, No. 03 Civ. 6048(GEL), 2007 WL 1373118, at *9 (S.D.N.Y. May 8, 2007). Where unpaid wages "were incurred at various times, interest shall be computed upon each item from the date it was incurred or upon all the damages from a single intermediate date." NYCPLR § 5001(b).

28. The approximate midpoint of Plaintiff Garcia's employment was August 15, 2010, and thus in addition to the total amount he is owed for unpaid wages and liquidated damages listed above, he is also entitled to prejudgment interest on his unpaid spread of hours pay ($3,536.40) at a rate of 9% per year from August 15, 2010 through October 21, 2014, the date judgment was entered, which is equal to $1,332.00. Cretcher Decl. at ¶ 20.

29. Defendants owe Plaintiff Garcia a total of $191,608.56. *Id.* at ¶ 21.

**WHEREFORE**, Plaintiffs respectfully request that this Court adopt the foregoing proposed Findings of Fact and Conclusions of Law and order Defendants to pay a total of $259,109.48, which includes $234,016.98 in total damages owed to Plaintiffs, as detailed above, and $25,872.50 in attorneys' fees and costs, as detailed in the supporting Cretcher Decl., filed in support hereof.

Dated: New York, New York
       February 13, 2015

                                  Grace Cretcher
                                  Beranbaum Menken LLP
                                  Attorney for Plaintiffs
                                  80 Pine Street
                                  New York, NY 10005
                                  Tel: 212-509-1616
                                  Fax: 212-509-8088