UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------- x

LENEE LEE, SANTIAGO GARCIA,
SAMANTHA GARDEN, and YASMILKI
ROSARIO, *on behalf of all others similarly
situated*,

       Plaintiffs,

  -against-

HUDSON RIVER CAFE, CORP., 12TH AVENUE
RESTAURANT GROUP, INC., and HAMLET
PERALTA,

       Defendants.

------------------------------------- x

MEMORANDUM DECISION
AND ORDER

12 Civ. 463 (GBD) (FM)

GEORGE B. DANIELS, United States District Judge:

  Plaintiffs brought this action alleging violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*, and the New York Labor Law ("NYLL"), N.Y. Lab. Law § 190, *et seq.*, provisions for minimum and overtime wages. (Compl., ECF No. 1.)

  On October 21, 2014, this Court granted Plaintiffs' motion for a default judgment against Defendants, (ECF No. 31), and referred this case to Magistrate Judge Frank Maas for an inquest on damages, (ECF No. 32). Plaintiffs timely filed inquest papers. (ECF Nos. 34-36). Defendants did not to respond. (*See id.*) Indeed, Defendants have failed to communicate with this Court at any point in this litigation.[1] (*See generally* ECF.)

  Before this Court is Magistrate Judge Maas's August 15, 2016 Report and Recommendation ("Report," ECF No. 37), recommending that Plaintiffs be awarded judgment against the Defendants in the amount of $180,021.38, plus prejudgment interest on Plaintiff Garcia's NYLL "spread of hours" claim for $1,925.57 for a total of $181,946.95. (*See* Report at

---

[1] The relevant procedural and factual background is set forth in greater detail in the Report, and is incorporated herein. (*See* Report at 4-6.)

1-2.) This Court adopts those recommendations, differing only as to the proper calculation of Plaintiff Lee's total individual award of $21,046.40.

## I. LEGAL STANDARD

This Court may accept, reject, or modify, in whole or in part, the findings set forth in the Report. 28 U.S.C. § 636(b)(1)(C). When no party files objections to a Report, the Court may adopt the Report if "there is no clear error on the face of the record." *Adee Motor Cars, LLC v. Amato*, 388 F. Supp. 2d 250, 253 (S.D.N.Y. 2005) (quoting *Nelson v. Smith*, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985)); *Wilds v. United Parcel Service, Inc.*, 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003) ("To accept the report and recommendation of a magistrate, to which no timely objection has been made, a district court need only satisfy itself that there is no clear error on the face of the record" (internal citations and quotation marks omitted).).

Magistrate Judge Maas advised the parties that failure to file timely objections to the Report would constitute a waiver of those objections on appeal. (Report at 19); *see also* 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b). As of the date of this Order, no objection to the Report has been filed. The Report contains no clear error of law and is adopted by this Court, differing only as to the proper calculation of Plaintiff Lee's total individual award amount.

## II. QUANTUM OF DAMAGES AWARDED TO PLAINTIFFS[2]

When a defendant defaults, the district court accepts as true the well-pleaded allegations in the Complaint on issues other than damages. *See Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992) (internal citation omitted). A plaintiff seeking to recover damages against a defaulting defendant must prove her damages by submitting

---

[2] According to Plaintiffs' memorandum, Plaintiff Garden was no longer in contact with her counsel as of the time of the inquest, and Plaintiffs' counsel provided no evidence to substantiate her claim. (ECF No. 35 (Pls.' Inquest Mem. ("Pls.' Mem.")) at 1 n.1). Therefore, the Report has not calculated damages on Plaintiff Garden's behalf. (*See* Report at 2 n.1.)

2

admissible evidence. *See U.S. Commodity Futures Trading Comm'n v. 4X Sols., Inc.*, 13-CV-2287, 2015 WL 9943241, at *2 (S.D.N.Y. Dec. 28, 2015) (citing *Smith ex rel. Smith v. Islamic Emirate of Afghanistan*, 262 F. Supp. 2d 217, 224 (S.D.N.Y. 2003).

Magistrate Judge Maas recommended that Plaintiff Lee, who worked as a cocktail waitress at Hudson River Café from November 2010 to September 2011, (Report at 4), be awarded $10,523.20 in actual damages for willful violation of the minimum wage required by the FLSA and NYLL plus $10,523.20 in liquidated damages. (*See id.* at 5-6, 9, 12.) The total amount of Plaintiff Lee's award is calculated as follows:

| | |
|---|---|
| Award for minimum wage violation | $10,523.20 |
| Liquidated damages | + $10,523.20 |
| Total award for Plaintiff Lee | $21,046.40[3] |

Magistrate Judge Maas recommended that Plaintiff Rosario, who worked as a cocktail waitress at the Hudson River Café from November 2010 to June 2011, be awarded $5,309.60 in actual damages for willful violation of the minimum wage required by the FLSA and NYLL plus $5,309.60 in liquidated damages. (*See* Report at 5-6, 8-9, 12.) The total amount of Plaintiff Rosario's award is calculated as follows:

| | |
|---|---|
| Award for minimum wage violation | $5,309.60 |
| Liquidated damages | + $5,309.60 |
| Total award for Plaintiff Rosario | $10,619.20 |

Magistrate Judge Maas recommended that Plaintiff Garcia, who worked as a waiter and bartender at the Hudson River Café from July 2009 to October 2011, (Report at 4), be awarded $29,315 in actual damages for willful violation of the minimum wage required by the FLSA and

---

[3] The Report provided a total award calculation of $21,056.40 for Plaintiff Lee. (Report at 18.) However, upon this Court's review of the calculations from the Report, Plaintiff Lee's award is not $21,056.40 but $21,046.40.

3

NYLL; $31,741.80 in unpaid overtime wages; $3,536.40 for unpaid spread of hours premium; and $64,593.20 in liquidated damages. (*See id.* at 5-6, 9, 10-12.)

Magistrate Judge Maas also recommended that Plaintiff Garcia receive prejudgment interest at a rate of 9% a year on his NYLL spread of hours damages, from September 1, 2010 to the date of this judgment (approximately 6.05 years). (Report at 14.) This Court accepts Magistrate Judge Maas' recommendation for prejudgment interest on Plaintiff Garcia's spread of wages award under the NYLL. (*See id.* at 12-14 (internal citations omitted).) Calculated as such, prejudgment interest for Plaintiff Garcia amounts to:

| | |
|---|---:|
| Spread of hours award | $3,536.40 |
| Number of years prior to judgment | x 6.05 |
| Prejudgment interest rate | x 0.09 |
| Total pre-judgment interest | $1,925.57 |

Thus, the total amount of Plaintiff Garcia award is calculated as follows:

| | |
|---|---:|
| Award for minimum wage violation | $29,315.00 |
| Award for unpaid overtime wages | $31,741.80 |
| Award for unpaid spread of hours (NYLL) | $3,536.40 |
| Liquidated damages | $64,593.20 |
| Prejudgment interest for spread of hours | + $1,925.57 |
| Total award for Plaintiff Garcia | $ 131,111.97 |

## II. ATTORNEYS' FEES

The Report properly recommended an adjusted award for attorneys' fees in the amount of $18,819.38. (*See* Report at 18.) The Report reasoned that a reduction of twenty-five percent of billable hours across the board was necessary due to the "straightforward nature of the case and the use of boilerplate." (*Id.* (citing *In re "Agent Orange" Prod. Liab. Litig.*, 818 F.2d 226, 237 (2d Cir. 1987) (internal citation omitted) (supporting reduction in lodestar figure for duplicative or inefficient work)).)

The Report also properly recommended an adjusted award of costs of the $350 filing fee for this lawsuit, denying compensation for unexplained expenses. (*See id.*)

## VI. CONCLUSION

This Court adopts the Report in its entirety, save for the minor error in calculation of Plaintiff Lee's total award. Judgment therefore is entered against Defendants for a total of $181,946.95 as the sum of the following amounts:

1. $21,046.40 to Plaintiff Lee;
2. $10,619.20 to Plaintiff Rosario;
3. $131,111.97 to Plaintiff Garcia; and,
4. Attorneys' fees in the amount of $18,819.38 plus $350 in costs expended by Plaintiffs' counsel.

The Clerk of the Court is directed to enter judgment accordingly and close this case.

Dated: New York, New York
      September 19, 2016

SEP 19 2016

SO ORDERED.

*George B. Daniels*
GEORGE B. DANIELS
United States District Judge